

FILED
8/19/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES LAMBETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  20-2160 (UNA) |
| | ) | |
| DONALD J. TRUMP *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of plaintiff's Complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff has sued President Donald Trump, his Chief of Staff Mark Meadows, Vice President Mike Pence, U.S. Treasury Secretary Steve Mnuchin, and Senator Mitch McConnell, in their official capacities, with regard to proposed legislation. In relevant part, plaintiff alleges:

> A portion of the reported text of the HEALS Act bill includes $1.75 billion for the design and construction of an FBI headquarters in Washington, D.C. When reporters questioned Mitch McConnell on the text, he deferred to the White House and the Trump Administration. Plaintiff knew his constitutional rights were being violated once Mitch McConnell confirmed to reporters that the legislation text was "insisted" by "the administration" since no  person in the Executive branch has legislative powers under the Constitution of the United States of America that he has lived with his entire life.

Compl. ¶¶ 3-4.  Plaintiff has brought this action "to enforce his elected officials to protect the Constitution of the United States of America and to hold all persons accountable that broke their oath of office."  *Id*. ¶ 5.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Apart from the fact that the HEALS Act is proposed legislation, not law conferring rights, *see* https://www.rpc.senate.gov/policy-papers/update-on-the-coronavirus-response-heals-act (last visited Aug. 18, 2020), plaintiff's complaint is at most "a generalized grievance," which "normally does not warrant exercise of jurisdiction."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Therefore, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

                                                  _____s/_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

Date:  August 19, 2020